IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES D. FREEMAN,

           Plaintiff,           10cv1515
                                               **ELECTRONICALLY FILED**
   v.

PITTSBURGH GLASS WORKS, LLC,
ET AL.

           Defendants.


**MEMORANDUM ORDER RE. PLAINTIFF'S MOTION TO DISMISS DEFENDANTS'
COUNTERCLAIMS (Doc. No. 28)**

*I.   Introduction*

Currently before this Court is Plaintiff's Motion to Dismiss Defendants' Counterclaims of breach of contract and unjust enrichment/restitution. Doc. No. 28. The Court has reviewed Plaintiff's Motion (Doc. No. 28), Defendants' Brief in Opposition Thereto (Doc. No. 30), and Plaintiff's Reply Brief (Doc. No. 31). For the reasons that follow, Plaintiff's Motion to Dismiss will be granted in part and denied in part.

*II.   Factual Background*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, at this stage the Court accepts all of the factual allegations in the Counterclaims as true and all reasonable inferences are drawn in Defendant's favor. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Therefore, the facts of the case are as follows:

Plaintiff is an individual who is currently 62 years of age. Doc. No. 19 ¶ 1. Defendant Auto Glass employed Plaintiff, who oversaw sales and operations of eight distribution

1

branches of automotive windshields in North Carolina, South Carolina, Georgia, and Tennessee. Id. at ¶ 32. Defendant Auto Glass was the distribution arm of the Automotive Glass and Services Division of PPG Industries, Inc. prior to the establishment of Defendant Pittsburgh Glass Works, LLC. Id. at ¶ 2. Plaintiff was terminated by Defendants and filed the instant suit alleging he was the victim of Defendants' "pervasive institutional" age discrimination.[1] Id. at ¶ 7.

Shortly after his employment with Defendants was terminated, Plaintiff signed a separation agreement and release which provided in pertinent part that:

> b. Employee agrees never to file a lawsuit or becomes a member of a class asserting any claims that are released by Employee in this Agreement. Employee further agrees not to accept any money or benefits which may be obtained on his/her behalf by any other person or agency in any class or other action against the Company and explicitly waives the right to recover damages or other relief in any claim or suit alleging discrimination brought by or through the [EEOC] or any other federal, state or local agency on his/her behalf under any federal, state or local statute, order, ordinance or common law.
>
> c. Employee understands that the releases and waivers in this paragraph do not include: any claims that cannot be released or waived as a matter of law; any claims for vested benefits under the Company's plans; any right to enforce this Agreement and any claims based on acts or events occurring after the effective date of this Agreement, with the exception of claims associated with Employee's employment or the termination of is/her employment up to, and including, his/her Separation Date. Employee also understands that he/she does not waive the right to file a charge with the EEOC, to cooperate or participate in any investigation or proceeding conducted by the EEOC or to testify when required to do so by law.

Separation Agreement and Release, Doc. 19 at Ex. A ("Separation Agreement"), p. 2.

Plaintiff's Complaint alleges disparate treatment under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* ("ADEA").

---

[1] Defendants admit that Plaintiff has complied with all conditions precedent to filing a suit under the ADEA. Doc. No. 19, ¶¶ 11-15.

### III. Legal Standard

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, a party must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570). A claim has facial plausibility when a party pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *Id.* at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Iqbal*, 129 S.Ct. at 1950 (*quoting Twombly*, 550 U.S. at 555). In deciding a motion to dismiss, a court must determine whether the Complaint or Answer "pleads factual content that allows the court to draw the reasonable inference that the defendant (or plaintiff) is liable for the misconduct alleged." *Pennsyl. Prison Soc. v. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010), *citing Iqbal*, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *See also Fowler*, 578 F.3d at 210-211.

As explained succinctly by the United States Court of Appeals for the Third Circuit:

> Pursuant to *Ashcroft v. Iqbal*, [citation omitted], district courts must conduct a two-part analysis when presented with a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir.2009). "First, the factual and legal elements of a claim should be separated." *Id.* "The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11. "Second, a District Court must then determine whether the facts

> alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Id.* at 211 (*quoting Iqbal*, 129 S.Ct. at 1950).

*Edwards v. A.H. Cornell and Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010).

When determining whether a party has met the second part of the analysis and presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantiate that claim. For example, in *Fowler*, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." *Fowler*, 578 F.3d at 212. The Court, while noting that the Complaint was "not as rich with detail as some might prefer," it the "how, when and where" provided by the plaintiff sufficient grounds to establish plausibility. *Id.* at 211-212.

The United States Court of Appeals for the Third Circuit, in *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009), a civil rights and Title VII case, affirmed a decision to dismiss a plaintiff's Complaint because the plaintiff failed to plead facts explaining why he believed his national origin was the basis for the termination of his employment.

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), the district court should apply the following rules. The facts alleged in the Complaint or Answer, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. We may not dismiss a Complaint or Counterclaim merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Id.* at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. In short, the motion to dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Id.* at 563 n.8. Generally

4

speaking, a complaint or counterclaim that provides adequate facts to establish "how, when, where, and why" will survive a motion to dismiss. *See Fowler* and *Guirguis*, supra.

Based upon this standard, this Court has reviewed Defendants' Answer to Plaintiff's Amended Complaint (Doc. No. 19), Plaintiff's Motion to Dismiss (Doc. No. 28), Defendants' Response Brief in Opposition Thereto (Doc. No. 30) and Plaintiff's Reply Brief (Doc. No. 31).

## IV. Discussion

### A. Breach of Contract

To sustain a breach of contract claim or counterclaim, a party must allege facts to establish : (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages. *Omicron Sys. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. Ct. 2004). Plaintiff does not contend that Defendants' counterclaim does not establish such common law elements, but rather, that the separation agreement does not met the mandatory prerequisites for a valid and enforceable release based upon the Older Workers' Benefit Protection Act's ("OWBPA's") waiver requirements. Doc. No 31, 5.

Although Defendants argue that discovery is necessary to determine if Plaintiff's waiver was knowing and voluntary, 29 C.F.R. §1625.22 notes that:

> Section 7(f)(1)(B) of the ADEA provides, as part of the minimum requirements for a knowing and voluntary waiver, that "the waiver specifically refers to rights or claims under this Act. Pursuant to this subsection, the waiver agreement must refer to the Age Discrimination in Employment Act (ADEA) by name in connection with the waiver."

Here, Plaintiff's waiver did not include any specific mention of the ADEA or OWBPA as required. Such a requirement is distinct from the elements of common law breach of contract claims. *See Oubre v. Entergy Operation, Inc.*, 522 U.S. 422 (1998) (the OWBPA "sets up its own regime for assessing the effect of ADEA waivers, separate and apart from contract law.").

This Court noted the objective requirements of the Act in *Rupert v. PPG Industries*, No. 07-705, 2009 U.S. Dist. LEXIS 125743 at * 26, n. 8 (W. D. Pa. Feb. 11, 2009) saying, "because OWBPA's understandability requirement is couched in objective terms . . . it is unnecessary to consider extrinsic evidence of how the Releases allegedly were in fact understood."

Furthermore, 29 C.F.R. § 1625.22(i)(2) states that "no waiver agreement may include any provision prohibiting any individual from . . . . filing a charge or complaint with the EEOC." Because Plaintiff's release included a general release of claims and a separate covenant not to sue, Defendants were required to expressly include that Plaintiff was waiving all rights and claims under the ADEA in his separation agreement. *See Rupert*, at * 20-22. Failure to specifically inform Plaintiff that the general waiver also covered his ability to bring a claim under the ADEA led to the release being written in a manner calculated to have "the effect of misleading, misinforming, or failing to inform participants and affected individuals". 29 C.F.R. § 1625.22(b)(4). Therefore, Plaintiff's separation was an ineffective waiver of any potential ADEA claims.

Defendants' breach of contract counter-claim is premised on the contention that Plaintiff breached his valid waiver agreement by bringing the present suit. However, as previously noted and as thoroughly discussed in *Rupert*, there was no valid waiver of ADEA claims. As such, Plaintiff's action in filing the present suit could not be found in breach of a contractual waiver.

Therefore, because Defendants' claim for breach of contract is based upon an invalid release clause and because discovery could not produce any evidence to cure such a defect, Plaintiff's Motion to Dismiss Defendants' counterclaim of breach of contract will be granted.

### B. Unjust Enrichment/Restitution

Plaintiff has also motioned this Court to dismiss Defendants' counterclaim of unjust enrichment. Defendants allege that Plaintiff was provided various benefits, including dental, basic life, basic accidental death and dismemberment insurance, for at least twelve months after his termination. Doc. No. 19, ¶ 26. Defendants further allege that such benefits were provided to Plaintiff in reliance on the "expectation that he would refrain from instituting any lawsuit of the sort that has been initiated in this matter." Id. at ¶ 27. Accordingly, Defendants claim that they justifiably relied on Plaintiff's promises, releases, and material representations in providing him a "substantial" severance payment and other benefits in exchange for his promises, release, and material representations of fact. Therefore, Defendants contend that "it would be inequitable for [Plaintiff] to accept and retain the benefits described above without fulfilling his promise not to initiate this lawsuit." Id. at ¶ 29.

When taken as true, as required in deciding a Motion to Dismiss, Defendants' factual averments support a claim for unjust enrichment. *See Martik Brothers, Inc. v. Huntington Nat'l Bank*, 2009 U.S. Dist. LEXIS 2785 * 25 (W.D. Pa. Jan. 14, 2009). As such, Defendants' counterclaim provides Plaintiff fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 127 S.Ct. at 1964. Furthermore, Defendants' counterclaim for unjust enrichment may be properly brought even though the contract may be found invalid. *See Gonzalez v. Old Kent Mortgage Co.*, 2000 U.S. Dist. Lexis 14530, * 18 (E.D. Pa. 2000) ("motion [to dismiss unjust enrichment claim] is premature . . . . plaintiffs are free to pursue alternative theories of recovery, including pleading breach of contract and unjust enrichment.")

In support of his Motion to Dismiss, Plaintiff argues that Defendants' counterclaim of unjust enrichment cannot be permitted under EEOC regulation 29 C.F.R. § 1625.23(c). Doc. No.

7

29, 12. EEOC Regulation Section 1625.23(c)(1) provides that in the EEOC's view "courts have discretion to determine whether an employer is entitled to restitution, recoupment or setoff . . . against the employee's monetary award." As in *Rupert*, Doc. No. 168 (W.D.Pa. Apr. 13, 2009), it is premature to determine the final effect said regulation will have in this case because it has not yet been determined whether Plaintiff will prevail on the merits of his ADEA claims.

Therefore, in light of the liberal pleading standards, this Court finds that the facts alleged in Defendants' Answer setting forth a counterclaim for unjust enrichment/restitution rises above the speculative level and supports the cause of action alleged. As such, Plaintiff's Motion to Dismiss Defendants' Counterclaim for unjust enrichment will be denied.

V.  *Conclusion*

**AND NOW,** for the reasons set forth in this Memorandum Order filed this 3rd day of March, 2011, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss (Doc. No. 28) is **GRANTED** as to Defendants' counterclaim for breach of contract and is **DENIED** as to Defendants' counterclaim for unjust enrichment/restitution without prejudice to Plaintiff raising the issues set forth therein in a Motion for Summary Judgment at the appropriate time.

          **SO ORDERED**,

          s/ Arthur J. Schwab
          Arthur J. Schwab
          United States District Judge

cc:    All Registered ECF Counsel and Parties